UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT BATES,<br>　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 1:14-CV-03287 |
| VERSUS | |
| KENNETH HEDRICK, et al.,<br>　　　Defendants | JUDGE JAMES T. TRIMBLE, JR.<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant 42 U.S.C. §§ 1983, 1985 and 1986 by plaintiff Vincent Bates ("Bates") on November 17, 2014. The named defendants are Sheriff Kenneth Hedrick ("Hedrick") in both his individual capacity and official capacity as the Concordia Parish Sheriff, the Concordia Parish Sheriff's Department ("CPSD"), Concordia Parish Sheriff's Deputy John Cowan ("Cowan") in both his individual and official capacities, Concordia Parish by and through the Concordia Parish Police Jury ("CPPJ"), and John Does 1-10 (Doc. 1).

Bates contends that he is an adult resident of Concordia Parish, Louisiana (Doc. 1). Bates contends that, on November 15, 2013, while serving an arrest warrant on Bates, Deputy Cowan struck Bates with his fist, causing extreme pain and suffering. On about March 7, 2014, Bates' physicians determined that, due to the blow by Cowan, Bates suffered severe injuries to his cervical spine which resulted in loss of use of his upper extremities, pain, numbness and loss of dexterity in his hands, particularly in his

right hand and right upper extremity (Doc. 1). Bates contends Deputy Cowan used excessive force, and that the arrest warrant has since been dismissed and the charges against Bates were dropped (Doc. 1). Bates contends that Sheriff Hedrick, the CPSD, and the CPPJ failed to implement any policies to protect the rights of individuals such as Bates and that they established customs for violating the constitutional rights of people such as Bates (Doc. 1). Bates also contends that defendants have maliciously defamed him, damaging his reputation and career, and have engaged in a civil conspiracy to violate his rights (Doc. 1). For relief, Bates asks for a jury trial, monetary damages (including punitive damages), a declaratory judgment, injunctive relief, interest, attorney fees, and costs (Doc. 1).

The Parish of Concordia and the Concordia Parish Police Jury filed a motion to dismiss (Doc. 4). Bates responded to the motion, voluntarily moving to dismiss the Parish of Concordia and the Concordia Parish Police Jury without prejudice, preserving his right to sue them again should discovery reveal any grounds for doing so (Doc. 13).

Therefore, parties' motions to dismiss the Parish of Concordia[1] and the Concordia Parish Police Jury should be granted

---

[1] The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Richardson v. Southern University, 118 F.3d 450, 452 (5th Cir. 1997), cert. den., 522 U.S. 1078, 118 S.Ct. 858 (1998); Cozzo v. Tangipahoa Parish Council–President Government, 279 F.3d 273, 280 (5th Cir. 2002), and cases cited

(Docs. 4, 13).

## Conclusion

Based on the foregoing discussion, it is recommended that defendants' motion to dismiss (Doc. 4) and Bates' motion to dismiss (Doc. 13) be GRANTED and that the Parish of Concordia and the Concordia Parish Police Jury be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

---

therein. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts. <u>Cozzo</u>, 279 F.3d at 281, citing La.R.S. § 13:5106(A).
    A parish is a political subdivision of the State of Louisiana. La.R.S. 13:5102(B)(1). La.R.S. 5196(A) states, "A. No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court." Therefore, Bates's federal action against Concordia Parish should be dismissed.

WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 8th day of March 2015.

```
                              _____
                                     JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```